NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**29587**
**09-JUN-2011**
**08:15 AM**

NO. 29587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee v.
HATEM A. EID, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNEʻOHE DIVISION
(HPD Traffic No. 1DTC-07-045030)


SUMMARY DISPOSITION ORDER
(By: Fujise and Leonard, JJ.,
with Nakamura, C.J. dissenting)

Defendant-Appellant Hatem A. Eid (Eid) appeals from the December 19, 2008 Judgment entered by the District Court of the First Circuit, Kāneʻohe Division (district court)[1] convicting and sentencing him for the offense of Excessive Speeding in violation of Hawaii Revised Statutes (HRS) § 291C-105 (2007 and Supp. 2009).[2]

---

[1] The Honorable David W. Lo presided.

[2] HRS § 291C-105 provides, in pertinent part,

> **Excessive speeding.** (a) No person shall drive a motor vehicle at a speed exceeding:
>
> (1) The applicable state or county speed limit by thirty miles per hour or more; or
>
> (2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.
>
> (b) For the purposes of this section, "the applicable state or county speed limit" means:
>
> (1) The maximum speed limit established by county ordinance;
>
> (2) The maximum speed limit established by official signs placed by the director of transportation

(continued...)

On appeal, Eid contends that the district court erred by (1) denying his motion to compel discovery of items pertaining to the speedometer and dynamometer used in this case and (2) denying his motion in limine seeking exclusion of the speed check card for and speedometer reading of the arresting officer's vehicle leading to Eid's charge.

Based on a careful review of the points on appeal, the arguments made, the record, and the applicable authority, we resolve Eid's contentions as follows.

There was insufficient evidence presented to satisfy the foundational requirements of State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010) for admissibility of the speed check card and consequently, the speedometer reading in this case. In particular, the State failed to prove "the manufacturer of the equipment used to perform the check[,]" id. at 376-77, 227 P.3d at 542-43, insofar as only the manufacturer of the "master head" and not the entire speed check testing assembly referred to as "the dynamometer," was established. As a result, it was error to deny Eid's motion in limine to exclude evidence of the speed check card and speedometer reading.

In the absence of admissible evidence that Eid's speed was in excess of thirty miles over the speed limit, there was insufficient evidence supporting his conviction for Excessive Speeding and that conviction must be reversed. However, the arresting officer in this case testified[3] that Eid exceeded the

_____

[2](...continued)
> on highways under the director's jurisdiction; or

> (3)   The maximum speed limit established pursuant to section 291C-104 by the director of transportation or the counties for school zones and construction areas in their respective jurisdictions.

>     (c)   Any person who violates this section shall be guilty of a petty misdemeanor . . . .

[3]   Honolulu Police Officer Benjamin Perez testified,

> As [Eid] made the right turn [from Mokapu Road onto Oneawa Street] he went up over the bridge going over the street.
>                                              (continued...)

2

twenty-five-miles-per-hour speed limit which would be a violation of HRS § 291C-102(a)(1) (2007)[4].

Our resolution of Eid's motion in limine issue makes it unnecessary to address his discovery issue as it pertains only to materials relating to the dynamometer and speedometer in this case.

Therefore, the December 19, 2008 Judgment is vacated and this case is remanded to the District Court of the First Circuit, Kāne'ohe Division for consideration of whether the remaining evidence was sufficient to convict Eid of the lesser included offense of Noncompliance with Speed Limit.

DATED: Honolulu, Hawai'i, June 9, 2011.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant.

Associate Judge

Brian R. Vincent
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

---

[3](...continued)
    As . . . he went over the bridge, I came over (indiscernible) bottom and he started to accelerate right in the area of Kaha Street. The bridge would be right about here and at this point (indiscernible) there's a . . . very slight bend here. At this point he accelerated his car (indiscernible) came out faster than what appeared to be 25 mile[s] an hour.

An employee of the City and County of Honolulu's Department of Transportation Services, which sets speed schedules, testified that on all of Oneawa Street, including the Kaha Street intersection, the speed limit is twenty-five miles per hour.

[4]  HRS § 291C-102 provides, in pertinent part,

    **§291C-102  Noncompliance with speed limit prohibited.**
    (a)  A person violates this section if the person drives:

        (1)  A motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105; or

        (2)  A motor vehicle at a speed less than the minimum speed limit, where the maximum or minimum speed limit is established by county ordinance or by official signs placed by the director of transportation on highways under the director's jurisdiction.